IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. 1:24-cv-03346-MDB

WILLIAM HEALY,

      Plaintiff,

v.

SERCO, INC., doing business as SERCO-NORTH AMERICA

Defendant.

---

## JOINT [PROPOSED] SCHEDULING ORDER

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The pre-scheduling conference was held on August 12, 2025. No scheduling conference has been set yet.

- **Plaintiff**: William S. Healy, pro se, 2635 Heathrow Drive, Colorado Springs, CO 80920; Telephone: 719-205-4481; Email: wsh700@protonmail.com.

- **Defendant**: Represented by Bradley Crowell, Esq., and Billie Jo M. Risheim, Esq., Littler Mendelson, P.C., 1900 Sixteenth Street, Suite 800, Denver, CO 80202; Telephone: 303.629.6200; Emails: bcrowell@littler.com and brisheim@littler.com.

### 2. STATEMENT OF JURISDICTION

- **Plaintiff:** This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) based on claims arising under Title VII of the Civil Rights Act of 1964 (42 U.S.C. §§ 2000e et seq.), the Americans with Disabilities Act (ADA, 42 U.S.C. §§ 12101 et seq.), the Age Discrimination in Employment Act (ADEA, 29 U.S.C. §§ 621 et seq.), and the Family and Medical Leave Act (FMLA, 29 U.S.C. §§ 2601 et seq.). The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over any related state-law claims, including wrongful termination in violation of public policy. Defendant disputes inclusion of FMLA and state-law claims, asserting they are not pled in the Amended Complaint [Doc. 13]; however, plaintiff maintains they arise from the same facts and are supported by disclosures.

- **Defendant:** Defendant agrees with Plaintiff's statement of jurisdiction except in which Plaintiff states jurisdiction based on the FMLA, which he has not plead in his Amended Complaint [Doc. 13] and supplemental jurisdiction for state law claims, which have also not been plead in his Amended Complaint.

## 3. STATEMENT OF CLAIMS AND DEFENSES

### a. Plaintiff:

Plaintiff William S. Healy, proceeding pro se, brings this action against Defendant Serco Inc. ("Serco") for violations of federal employment laws arising from his employment as a cybersecurity professional at Schriever Air Force Base in Colorado Springs, Colorado. Plaintiff was employed by Serco (or its predecessors, Decisive Analytics Corporation and Whitney, Bradley & Brown) from approximately 2018 until his termination on February 7, 2022.

The core of this case stems from a workplace injury on November 21, 2019, when Plaintiff suffered a back injury (aggravating pre-existing conditions including sacroiliitis, spondylosis, and hip pain) while performing job duties. This injury led to workers' compensation claims, medical treatment delays, and requests for reasonable accommodations under the Americans with Disabilities Act (ADA). Instead of accommodating Plaintiff's disabilities, Serco engaged in retaliation, harassment, and discrimination, culminating in two Performance Improvement Plans (PIPs) on March 26, 2021, and September 20, 2021, and his wrongful termination.

Plaintiff's disabilities include service-connected conditions from his military background (e.g., PTSD, TBI, hearing loss, anxiety, high blood pressure, cervical/lumbosacral strains) rated at high percentages by the VA, as well as the 2019 back injury (rated 15% whole person impairment in 2023) and newly diagnosed severe sleep apnea (2022). These conditions were aggravated by Serco's actions, including denial of accommodations (e.g., sit/stand desk, ergonomic chair, clear written instructions) and work-related stress.

Plaintiff asserts the following claims, supported by evidence including medical records, emails, HR communications, and witness statements:

**Disability Discrimination and Failure to Accommodate under the ADA (42 U.S.C. § 12101 et seq.)**: Serco failed to provide reasonable accommodations for Plaintiff's known disabilities, including delays in responding to requests (e.g., September 20, 2021, and October 21, 2021) and denying items like a sit/stand desk despite medical certifications. This led to aggravated injuries and performance issues wrongly attributed to Plaintiff.

**Retaliation under the ADA, FMLA, Title VII, and ADEA**: Following the 2019 injury, workers' compensation filings, ADA requests, and complaints of harassment/discrimination, Serco issued PIPs linked to injury-related absences and delays, conducted antagonistic HR meetings (e.g., October 29, 2021), and terminated Plaintiff. Retaliation included blaming Plaintiff for project delays caused by management's no-shows (e.g., October 21, 2021) and

disparate treatment favoring younger, non-disabled coworkers.

**Interference and Retaliation under the FMLA (29 U.S.C. § 2601 et seq.)**: Serco delayed FMLA approvals (e.g., November 8, 2021) and retaliated against Plaintiff for taking protected leave related to his disabilities and injury.

**Sex Discrimination and Hostile Work Environment under Title VII (42 U.S.C. § 2000e et seq.)**: Serco permitted harassment, including disclosure and mockery of Plaintiff's testicular condition (July 28, 2021) and inappropriate sexual remarks in meetings (e.g., October 21, 2021 by coworker Roberto Furtado: "Walmart Rotisserie chicken makes my penis hard"). Complaints to HR (e.g., February 18, 2021) were ignored.

**Age Discrimination under the ADEA (29 U.S.C. § 630 et seq.)**: Serco made age-related comments (e.g., retirement discussions in September 2021) and provided preferential treatment to younger employees (e.g., training requirements mandatory for maintaining the contract, provided to peers, but denied to Plaintiff for the exact same seminar).

**Wrongful Termination**: Plaintiff's termination was pretextual, based on performance issues tied to unaccommodated disabilities, retaliation for protected activities, and discrimination.

Plaintiff exhausted administrative remedies by filing EEOC Charge No. 32A-2022-00014 on April 14/25, 2022, and receiving a Notice of Right to Sue on September 4, 2024.

**b. Defendant:**

Defendant generally denies the allegations and disagrees with Plaintiff's characterization of the facts in his Amended Complaint. Defendant maintains that all decisions related to Plaintiff's employment were taken for legitimate, nondiscriminatory, and nonretaliatory reasons, including but not limited to his ultimate termination. Plaintiff received legitimate performance counseling when he failed to perform to the expectations of his role. Plaintiff's performance problems persisted throughout the course of his employment, and he was given numerous chances to improve; however, Plaintiff's performance did not improve, and he was terminated for that reason. Plaintiff has not been subjected to any disparate treatment or retaliation on the basis of his alleged disability, gender, or age. As such, there is no factual or legal basis for the Plaintiff's claims under Title VII, the ADA, or the ADEA. Defendant further denies that Plaintiff has asserted an FMLA interference or retaliation claim in his Complaint. Defendant's defenses and affirmative defenses are more fully set forth in its Answer.

**c. Other Parties:**

None at this time.

**4. UNDISPUTED FACTS**

**Plaintiff:**

Plaintiff asserts claims under:

- ADA (failure to accommodate, disability discrimination, retaliation);
- Title VII (sex discrimination, hostile work environment, retaliation);
- ADEA (age discrimination);
- FMLA (interference and retaliation);
- Wrongful termination in violation of public policy.

Plaintiff seeks back pay ($477,750), front pay ($273,000), compensatory and punitive damages (up to $300,000 cap), liquidated damages ($955,500), attorneys' fees/costs ($200,000), injunctive relief (e.g., reinstatement, policy changes, expungement of PIPs), and pre/post-judgment interest, totaling approximately $1,722,890. These damages are supported by medical records, emails, VA summaries, and treatment timelines linking the 2019 injury to retaliation and termination.

Defendant denies these allegations, asserting that Plaintiff's termination was for legitimate performance reasons unrelated to his disabilities, age, or protected activities. Discovery is needed to explore Defendant's internal communications, HR processes, and treatment of comparable employees.

This case involves approximately 8 fact witnesses (listed in Plaintiff's Initial Disclosures), extensive electronic records (e.g., emails, medical files, performance reviews), and potential expert testimony on disabilities, damages, and workers' compensation integration. Plaintiff anticipates 10-15 depositions, document production, and interrogatories. A scheduling order should allow 6-9 months for discovery, with dispositive motions due thereafter. Plaintiff is open to alternative dispute resolution, including mediation.

- November 21, 2019: Workplace back injury leading to workers' compensation delays (e.g., referrals to Dr. Kenneth Finn and physical therapy in January 2020).
- 2020-2021: Ongoing treatment (e.g., SI injections, ~80 PT visits through 2025), VA disability increases (e.g., PTSD/TBI to 70%, lumbosacral sprain to 40%), and new diagnoses (e.g., severe sleep apnea in 2022).
- September-October 2021: ADA/FMLA requests ignored or delayed; harassment complaints; PIP issuance.
- February 7, 2022: Termination.
- **Evidence:** Plaintiff's Amended Initial Disclosures (e.g., PIPs, emails, medical records including necessary ADA Accommodations from Dr. Rainwater, NP Lisa Keith, Dr. Martha Coombs , VA summaries, Missile Defense Agency Safety Office, HR representatives from Decisive Analytics, Whitney Bradlley Brown, Serco, Inc.), testimony from key individuals  (e.g., Michael Ehrlichman, Charis Gill), coworkers (e.g., Robert Furtado, Shawn O'Connell), and medical providers (e.g., Dr. Kenneth Finn, Phillip Plante (Action Potential Physical Therapy), Veteran's Administration Physicians and Nurse Practitioners).

**Defendant:** Defendant maintains that, at this early stage of this litigation, only the following facts are undisputed:

- Plaintiff was employed by Defendant Serco Inc. as a cybersecurity professional from July 2, 2018, until his employment was terminated on February 7, 2022.

- Plaintiff filed EEOC Charge No. 32A-2022-00014 on April 14, 2022, and an Amended Charge on April 25, and received a Notice of Right to Sue on September 4, 2024.

## 5. COMPUTATION OF DAMAGES

- **Plaintiff:** Plaintiff seeks the following damages (estimated total: $1,722,890, avoiding stacked liquidated damages):

| Category | Computation | Basis/Theory |
|---|---|---|
| Back Pay | $477,750 (lost wages/benefits from February 7, 2022, to July 29, 2025; ~3.5 years at adjusted annual rate of $136,500 ($130,000 base + 5%)) | Willful violations under ADA, ADEA, FMLA; supported by employment contract, payroll records, termination notice, VA disability summaries, treatment timeline. |
| Front Pay | $273,000 (future earnings for 2 years at $136,500/year) | Inability to mitigate due to disabilities; medical records (e.g., VA PTSD notices, sleep apnea report). |
| Compensatory Damages | Up to $300,000 (emotional distress, pain and suffering; capped including punitive) | Hostile environment, retaliation; medical records, witness statements, ADA request documents. |
| Punitive Damages | Included in $300,000 cap (for willful/reckless conduct) | Deliberate denial of rights; internal communications, HR reports, ignored accommodation requests. |
| Liquidated Damages | $955,500 ($477,750 doubled for willful ADEA/FMLA violations; non-stacked) | Statutory under ADEA/FMLA; FMLA requests/denials, VA disability records. |
| Attorneys' Fees/Costs | $200,000 (estimated; Plaintiff pro se but may seek if counsel retained) | Prevailing party under statutes; billing records if applicable. |
| Injunctive Relief | Non-monetary (reinstatement, policy changes, expungement of PIPs) | Prevent future violations; company policies, PIPs. |
| Pre/Post-Judgment Interest | Statutory rates on monetary awards | Applied to back pay and other damages. |

- **Defendant**:  Defendant does not seek affirmative damages at this time but reserves

the right to seek their attorneys' fees and costs. Defendant denies that Plaintiff is entitled to the damages described above.

## 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. **Date of Rule 26(f) meeting**: August 21, 2025 (conducted via video conference/telephone).

b. **Names of each participant and party represented**:

- William S. Healy (Plaintiff, pro se).

- Billie Jo M. Risheim (for Defendant Serco Inc.).

c. **Statement as to when Rule 26(a)(1) disclosures were made or will be made**:
- **Plaintiff**: Plaintiff's initial disclosures were provided to Defendant on August 8, 2025. Plaintiff provided Defendant his Amended disclosures on August 12, 2025, incorporating additional details from "PLAINTIFF Amended Initial Disclosures.pdf" and prior documents.
- **Defendant:** Defendant will provide its initial discovery, pursuant to the Initial Discovery Protocols, no later than 60 days following the Scheduling Conference (to be set by the Court).

d. **Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1)**: None proposed. As requested by the Court at the pre-scheduling conference held on August 12, 2025, the Parties agree to use the Initial Discovery Protocols provided by the Court, as modified above.

e. **Statement concerning any agreements to conduct informal discovery**:  The Parties do not have any agreements to conduct informal discovery.

f. **Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system**: The Parties agree to use a unified exhibit numbering system per judicial standards. The Parties agree that they will serve by email or electronic means all disclosures, discovery requests and responses, and any other papers that are not filed through the CM/ECF system unless doing so is not technically feasible, in which case those documents will be served via first-class mail or overnight delivery. The Parties agree that document productions will be served through a secure file-sharing system or email if technically feasible and via first-class mail or overnight delivery if not. ESI will be produced in .pdf or .tif format, with associated load files. In the event either Plaintiff or Defendant seeks information in native or another format, the Parties agree to discuss this request. Because of Plaintiff's *pro se* status, Defendant agrees to produce ESI to Plaintiff in .pdf format to the extent possible

g. **Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information (ESI), or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form**: The Parties do not anticipate that their claims or defenses will involve extensive electronically stored information or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. Each party may have emails or electronically stored information relevant to their claims or defenses.

h. **Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case**: The Parties have not discussed early mediation or settlement conference.

## 7. CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8. DISCOVERY LIMITATIONS

a. **Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules**:

**Plaintiff:** Standard limits apply.

**Defendant:** Standard limits apply.

b. **Limitations which any party proposes on the length of depositions**: Limit to 7 hours per deposition unless Good Cause shown.

c. **Modifications which any party proposes on the dates of disclosures required by Rule 26(a)(1)**: None.

d. **Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions**: February 11, 2026 (allowing responses by discovery cut-off).

e. **Other Planning or Discovery Orders**: Parties to submit any protective order by September 30, 2025; motions to compel filed at least 14 days before discovery cut-off, unless for Good Cause shown.

## 9. CASE PLAN AND SCHEDULE

a. **Deadline for Joinder of Parties and Amendment of Pleadings**: October 30, 2025.

b. **Discovery Cut-off**: March 27, 2026.

c. **Dispositive Motion Deadline**: May 12, 2026.

d. **Expert Witness Disclosure**:

**Plaintiff:** Anticipated fields: Medical (disability/PTSD, back injury, sleep apnea), HR practices, damages/economics.

**Defendant:** Defendant does not anticipate needing any experts.

1. Limitations: No more than 3 experts per side.
2. Designation of affirmative experts and reports under FRCP 26(a)(2): February 27, 2026.
3. Designation of rebuttal experts and reports: March 18, 2026.

e. **Deadline for Interrogatories, etc.**: As in 8(d).

f. **Rule 702, 703, or 705 Motion Deadline**: April 28, 2026.

g. **Deadline for E-Discovery Requests**: As in 8(d).

h. **Identification of Persons to Be Deposed**:

- **Plaintiff:** (e.g., Michael Ehrlichman, Charis Gill, Jessica Vermeire, Robert Furtado, Shawn O'Connell, Randy LaCroix, Dr. Kenneth Finn, Dr. Carolyn H. Welsh, Dr. Martha Coombs, Dr. Elicia Rainwater, Jessica Bishop, Mary Clark, Katlin Hare), or as identified in the evidence produced in this matter.

- **Defendant:** Plaintiff; Plaintiff's medical providers; witnesses identified by Plaintiff or as identified in the evidence produced in this matter.

i. **Deadline for Deposing Experts**: April 28, 2026.

j. **Deadline for Supplementations under Rule 26(e)**: 30 days before trial.

## 10. DATES FOR FURTHER CONFERENCES

a. Status conferences will To be set by the Court if needed. A final pretrial conference will be held in this case on date and time to be set by Court. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11. OTHER SCHEDULING MATTERS

a. **Discovery or scheduling issues on which parties could not agree**: Statement of Jurisdiction, and Undisputed Facts.

b. **Anticipated length of trial and whether to court or jury**: 5-7 days; jury trial requested.

c. **Pretrial proceedings better conducted at alternative locations**: None proposed; default to Denver courthouse, but Plaintiff requests consideration for Colorado Springs (Alfred A. Arraj U.S. Courthouse) due to proximity and cost savings.

## 12. NOTICES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 29th day of August, 2025.

BY THE COURT:

_____

United States Magistrate Judge

APPROVED:

/s/