**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Case No. 1:24-cv-03346-PAB-MDB

WILLIAM HEALY,

      Plaintiff,

v.

SERCO, INC., doing business as SERCO-NORTH AMERICA,

Defendant.

---

**DEFENDANT SERCO INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE
TO FILE THIRD AMENDED COMPLAINT**

---

Defendant Serco Inc. ("Defendant" or "Serco") submits this Opposition to Plaintiff William Healy's ("Plaintiff") Motion for Leave to File Third Amended Complaint (the "Motion") [ECF No. 57].

**INTRODUCTION**

Plaintiff's Motion is his second attempt to amend his Complaint, excluding the numerous times that this Court provided him opportunities to amend before accepting the original Complaint. In the Motion, Plaintiff raises a new claim under the Uniformed Services Employment and Reemployment Rights Act ("USERRA"), which was allegedly "not included earlier due to recent clarification of VA ratings." Motion at 2. But Plaintiff's own reason for his amendment undercuts the goal of his Motion. First, any USERRA claim that Plaintiff alleges is futile because he does not plausibly allege a USERRA discrimination or retaliation claim based on failure to accommodate his disability; nor does Plaintiff allege a USERRA reemployment claim entitling

him to reasonable accommodation because he has failed to allege the necessary elements to demonstrate eligibility for reemployment.

Additionally, Plaintiff alleges the basis for this amendment is that his VA rating was "recently clarified," and cites his 100% disability rating; yet, Plaintiff alleged in his Second Amended Complaint [ECF No. 45-1] that his VA disability rating was 100%, indicating that Plaintiff already knew this alleged fact and exercised undue delay in seeking this amendment. Finally, the Motion should be denied for the separate reason that allowing Plaintiff to amend his Complaint at this stage would unduly prejudice Defendant, as Serco would be forced to brief an entire 12(b)(6) motion to dismiss Plaintiff's futile USERRA claims, the litigation would be delayed, and discovery deadlines would need to be reset.

For these reasons, Plaintiff's Motion should be denied.

**RELEVANT PROCEDURAL HISTORY AND BACKGROUND FACTS**

After three court orders instructing him to cure deficiencies in his complaint, Plaintiff filed his initial operative Complaint on April 8, 2025, alleging violations of Title VII of the Civil Rights Act ("Title VII"), the Americans with Disabilities Act ("ADA"), the Age Discrimination in Employment Act ("ADEA"). [ECF No. 13]. On June 25, 2025, Defendant answered. [ECF No. 26]. On September 19, 2025, Plaintiff moved for leave to file a second complaint. [ECF No. 41]. Defendant did not oppose. [ECF No. 49]. Plaintiff's motion for leave to file a Second Amended Complaint was granted on November 3, 2025. *Id.*

Plaintiff's Second Amended Complaint included new allegations regarding violations of the Family and Medical Leave Act ("FMLA"). [ECF No. 45-1]. On November 17, 2025, Defendant answered the Second Amended Complaint. [ECF No. 55]. Just about a month later,

Plaintiff filed the instant Motion, seeking leave to amend his Complaint yet again, and this time add a USERRA claim. [ECF No. 57]. Defendant opposes the amendment.

**ARGUMENT**

**I.     Plaintiff Has Not Established Good Cause.**

At this stage of the case, Plaintiff may only amend with the Court's leave. Fed. R. Civ. P. 15(a). Denial of leave to amend under Rule 15(a) is "justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *See McMillan v. Wiley*, 813 F. Supp. 2d 1238, 1253 (D. Colo. 2011) (citing *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993)).

Plaintiff's Motion should be denied because (1) amendment would be futile; (2) Plaintiff unduly delayed raising these claims, and (3) Defendant would be unduly prejudiced if Plaintiff is permitted to amend his Complaint again.

**A.  Plaintiff's Proposed Amendment Is Futile.**

"A court is clearly justified in denying a motion to amend as futile if the proposed amendment cannot withstand a motion to dismiss or otherwise fails to state a claim[.]" *Brown v. United States*, No. 07-cv-00717-MSK-KMT, 2008 WL 4211116, at *4 (D. Colo. Sept. 11, 2008) (citing *Ketchum v. Cruz*, 961 F.2d 916, 920 (10th Cir. 1992)); *see Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim."). The Tenth Circuit has clarified that "futility" can be found "if the complaint, as amended, would be subject to dismissal for any reason…." *Watson v. Beckel*, 242 F.3d 1237, 1239-40 (10th Cir. 2001). Here, Plaintiff's USERRA

3

claim actually consists of three sub-claims: discrimination and retaliation under 38 U.S.C. § 4311 and failure to re-employ under 38 U.S.C. § 4313(3). Plaintiff's USERRA sub-claims are addressed in turn.

Plaintiff's section 4311 claims fail for several reasons.[1] First, Plaintiff's alleged discrimination and retaliation USERRA claims are based on alleged failures to accommodate his alleged disabilities. [ECF No. 57-2 at 3 – 4]. However, when a USERRA discrimination case does not involve allegations concerning *reemployment*, USERRA does not entitle those who fall under its protection to reasonable accommodations. *See Sellman v. Aviation Training Consulting, LLC*, 155 F.4th 1215, 1226 (10th Cir. 2025); *Cazares v. City of El Centro*, No. 320CV01571BENRBM, 2021 WL 807680, at *9 (S.D. Cal. Mar. 3, 2021) (citing *Sandoval v. City of Chicago, Illinois*, 560 F.3d 703, 704-05 (7th Cir. 2009)). Here, Plaintiff has not alleged that he needed to be reemployed based on his disabilities, and USERRA does not provide for accommodations at the initial employment stage. *See Sellman*, 155 F.4th at 1226; *Cazares*, 2021 WL, at *9.  Indeed, Plaintiff has not alleged that he was denied reemployment by Serco due to military service or even alleged when his military service occurred at all. Thus, Plaintiff has failed to allege that any discrimination stemmed from his prior military service, as he must, and he cannot rely solely on his service-related disabilities to maintain a USERRA claim under section 4311. *See e.g., Felton v. City of Jackson, Mississippi*, No. 3:18CV74TSL-RHW, 2018 WL 2994363, at *4 (S.D. Miss. Jun. 14,

---

[1] To the extent that Plaintiff pleads a USERRA section 4311 claim based on his termination, that claim also fails as he has not pleaded facts sufficient to allege that Serco terminated him because of his military service or veteran status. *Perez v. Denver Fire Dep't*, No. 15-CV-00457-CBS, 2016 WL 379571, at *6-7 (D. Colo. Feb. 1, 2016) (granting motion to dismiss section 4311 claim because the plaintiff failed to plead facts sufficient to allege he was discriminated against based on his military service).

2018) (dismissing USERRA claim with prejudice because the plaintiff's sole allegations included that the employer discriminated against him on account of a service-related disability, PTSD). Therefore, Plaintiff has not alleged a plausible USERRA discrimination claim.

Second, Plaintiff's alleged USERRA retaliation claim under section 4311 is similarly flawed. To state a claim for USERRA retaliation, Plaintiff must plead facts that suggest he engaged in protected activity. Protected activity under section 4311 includes

> (1) Taking an action to enforce a protection afforded by any person under USERRA, (2) testifying or otherwise making a statement in or in connection with any proceeding pertaining to the USERRA, (3) assisting or otherwise participating in an investigation under the USERRA, or (4) exercising a right provided for under the USERRA.

*Cazares*, 2021 WL, at \*8 (citing 38 U.S.C. § 4311(b)). Here, Plaintiff's requests for reasonable accommodation, as alleged in the proposed amendment, do not qualify as protected activity by the plain language of section 4311(b), and again, USERRA does not provide for reasonable accommodations in cases involving initial employment. *Id.* Thus, Plaintiff's USERRA claim, whether based on retaliation or discrimination, could not withstand a Rule 12(b)(6) motion.

Turning to the USERRA re-employment claim, Plaintiff's proposed Third Amended Complaint merely cites to the statute 38 U.S.C. § 4313, but Plaintiff does not allege any facts that would support a claim under the statute. Unlike section 4311, section 4313(3) provides an avenue where veterans are entitled to reasonable accommodations from their employers. However, to state a claim under section 4313, a plaintiff must allege they can meet the reemployment prerequisites of section 4312, which include (1) providing the employer with proper notice before departure for service; (2) that the length of the employee's military service would not exceed five years; (3) the employee timely requested reemployment from the employer; and (4) the military service ended

5

under honorable conditions. *McConnell v. Anixter, Inc.*, No. 4:17-CV-3010, 2017 WL 11478712, at *2 (D. Neb. Oct. 11, 2017). Here, Plaintiff has included *no allegations* that indicate he can meet the requirements under section 4312 and, therefore, was entitled to reasonable accommodations under section 4313. *Id.* at *3 (granting motion to dismiss USERRA claim because the plaintiff's complaint was "completely devoid of any allegations that he even sought reemployment" and the plaintiff merely relied on the allegation that his employer knew he was a veteran and had service-related disabilities) (underline in original). In addition, as noted above, Plaintiff does not allege that he was not *reemployed* by Serco in his proposed amendment.

In sum, Plaintiff's USERRA claim could not survive a Rule 12(b)(6) motion and Plaintiff's Motion to include these claims should be denied.

### B.    Plaintiff's Amendment is Unduly Delayed and a Result of Previous Failures to Cure.

Apart from the futility of Plaintiff's proposed amendment, this Court should deny his Motion on a separate basis: his proposed amendment is unduly delayed and is the result of Plaintiff failing to cure deficiencies in several previous amendments. Courts may refuse leave to amend a complaint upon "a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed…" *Frank*, 3 F.3d at 1365. (untimeliness alone is an adequate reason to refuse leave to amend, "especially when the party filing the motion has no adequate explanation for the delay"). This inquiry involves scrutiny of the "reasons for the delay" and determining whether that delay is "undue." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1206 (10th Cir. 2006). Delay is undue when "the party seeking amendment knows or should have known of the facts upon which the proposed amendment is based but fails to include them in the original complaint." *Las Vegas Ice & Cold Storage Co. v.*

*Far West Bank*, 893 F.2d 1182, 1185 (10th Cir. 1990).

Here, Plaintiff has already filed a Second Amended Complaint, and had unfettered ability to include any claim, factual averment, demand, or supporting information he chose in that complaint, or his previous amendments. Plaintiff was in possession of all the information used in his proposed amendment, and knew, or should have known, of the USERRA claim he now asserts. Indeed, based on Plaintiff's own description of the reasons for this amendment, it is clear that Plaintiff was in possession of the facts that underly his USERRA claim at the time of his last amendment. Specifically, in his Motion, Plaintiff states that part of the reason for this amendment is that "[t]he USERRA claim . . . was not included earlier due to recent clarification of VA ratings (e.g., 100% combined rating)." Motion at 2. However, based on Plaintiff's Second Amended Complaint, it appears that Plaintiff already knew of his 100% combined rating. [ECF No. 45-1 at 4] ("My 100% disability rating"). The fact that Plaintiff relies on the unexplained "clarification" of this fact as his basis for his amendment further buttresses the conclusion that Plaintiff's amendment here is unduly delayed and a result of previous failures to cure.[2]

Therefore, Plaintiff's Motion should be denied for the separate reason that this proposed amendment is unduly delayed.

### C.    Defendant Would Be Unduly Prejudiced if Plaintiff Is Permitted to Amend His Complaint for a Second Time.

Plaintiff's Motion should be denied for the separate reason that Defendant would be unduly prejudiced by this amendment. The Tenth Circuit has repeatedly affirmed that courts may "properly deny a motion to amend when it appears that the plaintiff is using Rule 15 to make the

---

[2] The Motion also does not explain what "clarification" occurred that would justify this amendment.

complaint 'a moving target,' to 'salvage a lost case by untimely suggestion of new theories of recovery,' to present 'theories seriatim' in an effort to avoid dismissal, or to 'knowingly delay raising an issue until the eve of trial.'" *Minter v. Prime Equipment Co.*, 451 F.3d 1192, 1120 (10th Cir. 2006) (internal citations and quotations omitted).

As an initial matter, if Plaintiff is allowed to amend his complaint for a second time, Defendant will be forced to engage in a costly round of Rule 12(b) briefing to deal with his futile claims, and this Court will have to expend valuable judicial resources in evaluating that additional briefing. Further, Defendant has already produced the vast majority of its discovery in this matter relating to Plaintiff's claims in the Second Amended Complaint, and the deadline for serving written discovery is approaching fast (February 11). Thus, if these claims somehow made it past the pleading stage, the Scheduling Order would have to be reset and the parties would essentially start over in discovery to explore these new USERRA-related claims. Courts in this district have denied leaves to amend in similar situations. *Robinson v. ACG Processing*, No. 17-cv-2725, 2018 WL 6603957 at *4 (D. Colo. Nov. 21, 2018); *Handy v. Douglas*, No. 14-cv-01930, 2015 WL 3746336 at *4 (D. Colo. June 15, 2015); *see also Emerald City MGMT., LLC v. Kahn*, No. 4:14-cv-358, 2015 WL 13501073 (E.D. Tex. Sep. 2, 2015) (holding that a "likely call for additional briefing" was prejudicial); *Land Res. Cos., LLC v. Enterkin*, No. 1:04-cv-1969-CC, 2005 WL 8154761, at *3 (N.D. Ga. Jul. 7, 2005) (holding that amendment that "delay[s] the disposition of this case and increase[s] litigation costs" should be denied); *Trammel v. UNUM Life Ins. Co. of Am.*, No. CIV. 06-1263 LH/WDS, 2007 WL 9729136, at *2 (D.N.M. Nov. 26, 2007) (same); *see also Wright & Miller*, 6 Fed. Prac. & Proc. Civ. § 1487 ("[I]f the court determines that the proposed

amendment would result in defendant being put to added expense . . . leave to amend may be denied").

Thus, this futile amendment to Plaintiff's Complaint should be denied because it further delays resolution of his claims, unduly prejudicing Defendant. This case has been hallmarked with Plaintiff amending his Complaint, for whatever reason, nearly the entirety of its lifespan, and the Court should not continue to permit futile amendments that further delay the case and unduly prejudice the Defendant.

## CONCLUSION

For the reasons set forth above, Serco respectfully requests that the Court deny Plaintiff's Motion [ECF No. 57] because his proposed amendment is futile, was unduly delayed, and would unduly prejudice the Defendant.

Respectfully submitted this 22nd day of January, 2026.

/s/ Bradley Crowell
Bradley Crowell, #56732
Billie Jo M. Risheim, #58230
LITTLER MENDELSON, P.C.
1900 Sixteenth Street, Suite 800
Denver, Colorado 80202
Telephone: 303.629.6200
Facsimile:  303.629.0200
Email: bcrowell@littler.com
        brisheim@littler.com

*Attorneys for Defendant Serco Inc. incorrectly named as Serco, Inc. d/b/a Serco – North America*

CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of January, 2026, a true and correct copy of the foregoing **DEFENDANT SERCO INC.'S RESPONSE TO PLAINTIFF'S MOTION FOR LEAVE TO FILE THIRD AMENDED COMPLAINT** with the Clerk of Court using the CM/ECF system and U.S. mail to the following:

William Healy
2635 Heathrow Drive
Colorado Springs, CO 80920
Wsh700@protonmail.com
Telephone: 719.205.4481

*Pro Se Plaintiff*

*/s/ Laura L. Custer*
Laura L. Custer, Legal Assistant

10

4905-5198-0681