FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO
5/5/2026
JEFFREY P. COLWELL, CLERK

| | |
|---|---|
| IN THE UNITED STATES DISTRICT COURT<br>FOR THE DISTRICT OF COLORADO<br><br>Civil Action No. 1:24-cv-03346-PAB-MDB<br><br>WILLIAM SEAN HEALY,<br>      Plaintiff,<br>v.<br>SERCO INC., d/b/a Serco - North America,<br>      Defendant. | **PLAINTIFF'S MOTION FOR REASONABLE CASE REVIEW AND PREPARATION PERIOD UPON ASSIGNMENT OF PRO BONO COUNSEL**<br><br>**Hon. Maritza Dominguez Braswell**<br>**United States Magistrate Judge** |

Plaintiff William Sean Healy, appearing pro se, respectfully moves this Court pursuant to its inherent case management authority and Fed. R. Civ. P. 16(b) for an order establishing a reasonable and structured review and preparation period upon the assignment of pro bono counsel in this matter. Plaintiff does not seek to disturb the current abeyance or to alter any existing deadline. Rather, Plaintiff asks the Court to enter an order now — or upon the assignment of pro bono counsel — that provides appointed counsel with sufficient time to review a substantial and complex evidentiary record before being required to appear, respond, or comply with any scheduling obligation.

## I. BACKGROUND

1. This action was filed on December 2, 2024. Plaintiff brings six federal employment discrimination claims under the ADA, Title VII, ADEA, FMLA, and USERRA arising from his termination by Serco Inc. on February 7, 2022 after four years of employment as a Cyber Security Risk Assessment Engineer on the Missile Defense Agency ICVA contract at Schriever Space Force Base, Colorado.

2. The case is currently in abeyance pending Magistrate Judge Braswell's pro bono counsel referral process. The Third Amended Complaint (Document 57, filed December 18, 2025) is pending. The case has been in abeyance for approximately five months.

3. Plaintiff is a 20-year United States Air Force veteran with a 100% Permanent and Total VA disability rating, proceeding without legal representation against Serco Inc., which is represented by experienced employment defense counsel at Littler Mendelson P.C. Plaintiff has diligently continued to develop the evidentiary record during the abeyance period.

4. The evidentiary record in this case is substantial. Since the filing of the Third Amended Complaint, Plaintiff has obtained, organized, and analyzed significant new evidence, including: (a) a written admission from Serco's HR system on April 16, 2026 that no personnel records, disciplinary records, or ADA/FMLA records exist in Plaintiff's file —

notwithstanding that the same system in September 2021 formally acknowledged receipt of Plaintiff's ADA request; (b) a 245-page DCSA background investigation file released pursuant to a FOIA/Privacy Act request confirming an 18-year uninterrupted favorable federal clearance history; (c) additional contemporaneous documentary evidence supporting the spoliation, USERRA, ADA, and FMLA claims; and (d) a DOJ USERRA enforcement referral (Case No. CO-2026-00005-10-V) to the Servicemembers and Veterans Initiative, Civil Rights Division.

5.   The current record includes over 30 exhibits, a 310-paragraph Fourth Amended Complaint (prepared and ready for filing upon grant of leave), a master exhibit register, a damages analysis, strategic litigation memoranda, and a complete DOJ submission package. Pro bono counsel, upon assignment, will face a complex and document-intensive case requiring meaningful review time before being able to competently represent Plaintiff in any proceeding.

## II. LEGAL STANDARD

6.   Courts have broad inherent authority to manage their dockets and to enter orders necessary to ensure the fair administration of justice. Fed. R. Civ. P. 16(b). The District of Colorado's Local Rules similarly vest the Court with authority to set and modify scheduling orders to serve the interests of justice. D.C.COLO.LCivR 16.1.

7.   The appointment of pro bono counsel in a complex civil rights case creates a recognized need for adequate preparation time. Courts routinely grant newly appointed counsel a reasonable period to review the file and prepare before imposing scheduling obligations. See, e.g.,

*Mallard v. United States Dist. Court,* 490 U.S. 296, 310 (1989) (recognizing the practical burdens on pro bono counsel); *Lewis v. Casey,* 518 U.S. 343, 354 n.3 (1996). The principle is straightforward: appointed counsel who has not had adequate time to review the record cannot effectively represent their client.

8.   The Tenth Circuit and this District have consistently held that newly substituted or appointed counsel are entitled to adequate preparation time, particularly in complex litigation. The complexity of this case — involving six federal claims, a multi-year evidentiary record, ongoing DOJ enforcement proceedings, and a pending motion for leave to amend — places it squarely within the category of matters requiring a structured transition.

## III. ARGUMENT

### A. The Complexity and Volume of the Record Requires a Structured Preparation Period

9.   Pro bono counsel appointed to this matter will inherit a complex, document-intensive record assembled over more than four years. The record includes:

- Six federal employment discrimination claims spanning the ADA, Title VII, ADEA, FMLA, and USERRA, involving facts arising from 2018 through 2026;

- Over 30 exhibits across seven evidentiary categories, including medical records, HR correspondence, government investigation records, federal background investigation files, and electronic records from Serco's ServiceNow HR system;

- A pending Fourth Amended Complaint (310 numbered factual paragraphs in 14 subsections) prepared and ready for filing upon grant of leave, incorporating substantial new evidence obtained after the Third Amended Complaint was filed;

- An active USERRA enforcement matter before the DOJ Civil Rights Division, Servicemembers and Veterans Initiative (Case No. CO-2026-00005-10-V), requiring coordination with federal enforcement counsel;

- A pending motion for leave to amend (also prepared and ready for filing), requiring counsel to assess the procedural posture, the prior opposition by Defendant's counsel, and the new evidence supporting amendment;

- A spoliation of evidence issue arising from Serco's April 16, 2026 written admission that no personnel records or ADA/FMLA records exist — a matter requiring early and strategic attention including a potential standalone motion under Fed. R. Civ. P. 37(e);

- A damages analysis encompassing back pay, front pay (including career foreclosure from the February 7, 2022 Security Debrief revoking Plaintiff's federal clearance access), compensatory damages, FMLA and USERRA liquidated damages (the latter with no statutory cap), punitive damages, and pre-judgment interest — totaling an estimated $2.1 to $3.0 million;

- Prior settlement discussions in December 2025 that did not result in agreement, establishing a baseline for any future settlement negotiations.

10. No attorney — however experienced — can responsibly represent a client in this matter without first reviewing and understanding this record. A preparation period of 90 days from the date of assignment is the minimum reasonable time to accomplish that review, consult with Plaintiff, assess the pending motions, and prepare a coherent litigation strategy.

**B. A 90-Day Preparation Period Is Reasonable, Proportionate, and in the Interest of Justice**

11. Plaintiff respectfully requests that the Court's order upon assignment of pro bono counsel include the following:

- A 90-day case review and preparation period running from the date pro bono counsel files a notice of appearance, during which no scheduling conference shall be held, no discovery shall be required, and no responsive filing deadlines shall run against Plaintiff;

- A status conference at the conclusion of the 90-day period, at which pro bono counsel and Plaintiff shall jointly advise the Court of: (1) the status of the pending Motion for Leave to File Fourth Amended Complaint; (2) the proposed scheduling order for the remainder of the litigation; and (3) any interim motions counsel intends to file, including the anticipated Rule 37(e) spoliation sanctions motion;

- During the 90-day period, Defendant's counsel shall be available for a single, informal meet-and-confer with newly appointed counsel within the first 30 days to facilitate efficient transition and to address any threshold procedural questions;

- Nothing in the preparation period order shall prejudice Plaintiff's right to file the pending Motion for Leave to Amend at any time during the 90-day period, if counsel determines it is appropriate to do so earlier.

12. A 90-day preparation period is proportionate to the complexity of this case and causes no prejudice to Defendant. The case has already been in abeyance for approximately five months. Defendant is represented by Littler Mendelson P.C., one of the largest employment defense firms in the United States, with full familiarity with the facts. Defendant will not be disadvantaged by a 90-day review period for newly appointed pro bono counsel. By contrast, a newly appointed attorney who is required to appear or respond before adequately reviewing the record would be at a substantial and unjust disadvantage.

13. The 90-day period also serves judicial economy. A pro bono attorney who has had adequate time to review the record, consult with Plaintiff, and assess the litigation posture will be better positioned to: (a) streamline the issues; (b) assess whether a renewed settlement discussion is appropriate; (c) file precise, well-supported motions; and (d) avoid the delays and supplemental briefing that result when counsel is forced to proceed without adequate preparation. Granting this request now saves the Court time later.

## C. In the Alternative, Plaintiff Requests a 60-Day Minimum Period With Leave to Request an Extension

14. If the Court is disinclined to grant a full 90-day preparation period at this time, Plaintiff respectfully requests in the alternative that the Court's order upon assignment of pro bono counsel provide for a minimum 60-day review period, with leave for appointed counsel to request a single 30-day extension upon a showing that additional time is necessary to review the record and prepare for scheduled proceedings.

15. A 60-day minimum with extension availability ensures that appointed counsel is not forced into an impossible situation while preserving the Court's ability to manage the docket efficiently. Given the complexity of this record and the substantial new evidence developed since the Third Amended Complaint, Plaintiff submits that 90 days is the appropriate period, but defers to the Court's judgment on the precise duration.

## D. Plaintiff Has Already Organized the Record to Facilitate the Fastest Possible Transition

16. Plaintiff recognizes the burden that a complex record places on newly appointed counsel and has taken affirmative steps to mitigate that burden. The following materials are prepared and ready for immediate transmission to pro bono counsel upon appointment:

| Document | Purpose for Incoming Counsel |
|---|---|
| **Master Case Summary** | Complete factual and procedural history — the 30-minute briefing that replaces 30 hours of file review |
| **Fourth Amended Complaint (310 paragraphs, ready to file)** | Counsel can immediately assess the pleading and determine when to file the pending motion for leave |
| **Motion for Leave to File Fourth Amended Complaint (ready to file)** | Requires only a conferral email to Defendant's counsel before filing |

| Redlined Fourth Amended Complaint vs. Third Amended Complaint | D.C.COLO.LCivR 15.1 required attachment — already prepared |
|---|---|
| Master Exhibit Register (30+ exhibits, 7 categories) | Complete evidence index with description, status, and claim cross-references for each exhibit |
| DOJ USERRA Submission Package | Cover letter to Nicole Siegel; spoliation memorandum; Exhibit 28 with all sub-exhibits; section exhibit package |
| Strategic Litigation and Settlement Leverage Memorandum | Mosaic timeline; disclosure strategy; damages architecture; McElhaney negotiation framework; pro bono handoff guide |
| DCSA Background Investigation Analysis | 245-page federal clearance file analyzed; 18-year clearance history documented; Security Debrief career foreclosure quantified |
| Damages Analysis (current through May 2026) | Line-item damages with conservative/aggressive ranges; USERRA monthly accrual calculation; settlement demand framework |

Plaintiff is prepared to transmit this complete package to pro bono counsel on the day of assignment. The organization and accessibility of the record is designed to compress the review period and enable appointed counsel to reach productive engagement with the case as quickly as possible. The 90-day period requested is therefore a ceiling, not a floor — counsel may be ready to proceed sooner.

## IV. STATEMENT OF CONFERRAL

17. Pursuant to D.C.COLO.LCivR 7.1(a), Plaintiff notes that this motion is directed primarily to the Court's case management authority and does not seek relief that Defendant's counsel can meaningfully agree to or oppose on the merits at this stage. Plaintiff has not conferred with Defendant's counsel regarding this motion, as the relief requested — a structured preparation period for as-yet-unassigned pro bono counsel — does not require Defendant's agreement and is within the Court's inherent management authority.

18. If the Court prefers that Plaintiff confer with Defendant's counsel before filing this motion, Plaintiff will do so and will supplement this filing with a conferral certificate upon request.

## V. CONCLUSION

The appointment of pro bono counsel in a complex, multi-claim federal employment discrimination case creates a recognized need for adequate preparation time. This case — involving six federal statutory claims, four years of documented evidence, an active DOJ enforcement proceeding, new post-complaint spoliation admissions, and a damages range of $2.1 to $3.0 million — is precisely the type of matter in which adequate preparation time is not a convenience but a prerequisite to competent representation.

Plaintiff respectfully requests that the Court enter an order providing that upon the filing of a notice of appearance by pro bono counsel: (1) a 90-day case review and preparation period shall commence; (2) no scheduling conference, discovery obligation, or responsive deadline shall run against Plaintiff during that period; (3) a status conference shall be scheduled at the conclusion

of the 90-day period; and (4) the preparation period shall not prejudice Plaintiff's right to file the pending Motion for Leave to Amend at any time during that period.

In the alternative, Plaintiff requests a 60-day minimum preparation period with leave to request a single 30-day extension.

Plaintiff submits that this request is consistent with the interests of justice, judicial economy, and the fair administration of a case in which a pro se veteran faces experienced employment defense counsel on a record of considerable complexity.

Respectfully submitted this _5th_ day of ___May___, 2026.

/s/ William Sean Healy

William Sean Healy

Plaintiff, Pro Se

2635 Heathrow Drive

Colorado Springs, CO 80920

Telephone: 719-205-4481

Email: wshealy@comcast.net; wsh700@protonmail.com

## CERTIFICATE OF SERVICE

I certify that on the date indicated below, a true and correct copy of the foregoing Plaintiff's Motion for Reasonable Case Review and Preparation Period Upon Assignment of Pro Bono Counsel was served on Defendant's counsel via electronic mail and through the CM/ECF system:

Bradley Crowell, Esq.  |  BCrowell@littler.com  |  Littler Mendelson P.C.

Date of Service: 05-05-2026      William Sean Healy, Pro Se Plaintiff

**PROPOSED ORDER**

**UNITED STATES DISTRICT COURT — DISTRICT OF COLORADO**

**Civil Action No. 1:24-cv-03346-PAB-MDB**

WILLIAM SEAN HEALY, Plaintiff, v. SERCO INC., Defendant.

**ORDER ESTABLISHING CASE REVIEW AND PREPARATION PERIOD**

THIS MATTER comes before the Court on Plaintiff's Motion for Reasonable Case Review and Preparation Period Upon Assignment of Pro Bono Counsel. The Court, having reviewed the motion and being fully advised in the premises, hereby ORDERS as follows:

19. Upon the filing of a notice of appearance by pro bono counsel appointed pursuant to the Court's prior referral, a 90-day Case Review and Preparation Period shall commence running from the date of that notice of appearance.

20. During the 90-day Case Review and Preparation Period, no scheduling conference shall be held, no discovery obligations shall be imposed, and no responsive filing deadlines shall run against Plaintiff, except as expressly ordered by the Court upon motion of either party for good cause shown.

21. Defendant's counsel shall make itself available for a single, informal meet-and-confer with newly appointed pro bono counsel within the first 30 days of the preparation period, to facilitate efficient transition and to address threshold procedural questions.

22. Nothing in this Order shall preclude Plaintiff and pro bono counsel from filing the pending Motion for Leave to File Fourth Amended Complaint, or any other motion, at any time during the 90-day period.

23. A status conference is hereby set for _____, 2026 [90 days from the date of pro bono counsel's notice of appearance], at which time pro bono counsel shall advise the Court of: (a) the status of the pending Motion for Leave to Amend; (b) a proposed scheduling order; and (c) any interim motions counsel intends to file.

24. If pro bono counsel determines that fewer than 90 days are required to adequately prepare, counsel may so advise the Court and the parties by written notice, and the Court will schedule the status conference at the earlier date.

25. If pro bono counsel requires additional time beyond the 90-day period, counsel may move for a single 30-day extension upon a showing of good cause.

SO ORDERED this ___ day of _____, 2026.

_____

HON. MARITZA DOMINGUEZ BRASWELL
United States Magistrate Judge
United States District Court for the District of Colorado